DAVIS, Judge.
 

 Ashtead Group, PLC, challenges the trial court’s final summary judgment awarding Rentokil Initial, pic, the sum of $250,000. Because there remains an unresolved genuine issue of material fact, summary judgment was improper and we reverse.
 

 BET Plant Services (BET), a subsidiary of Rentokil, erected a swing stage that was the cause of accidental injuries to Michael Linssen. After the accident, but before Linssen filed his personal injury claim, Rentokil sold its stock in BET to Ashtead. By the terms of the stock purchase agreement, Rentokil specifically agreed to indemnify and hold harmless Ashtead against any losses incurred by Ashtead due to incidents that occurred before the transfer of the stock, including claims brought after the stock transfer. By that same agreement, Ashtead agreed to cooperate with Rentokil in the defense, mitigation, and investigation of any such claims. This included the “preservation of documentary and physical evidence.”
 

 Approximately a year after the stock transfer was completed, Linssen filed a claim stemming from the accident against Ashtead. Ashtead complied with the terms of the stock purchase agreement and notified Rentokil of the filing of the lawsuit. Although Rentokil was not a named party in the Linssen litigation, pursuant to its indemnity agreement with Ashtead, it undertook the defense of the case and engaged counsel to represent Ashtead. During the discovery stage of the proceeding, Ashtead advised Rentokil that it no longer had the swing stage’s hoist motor, which was the suspected cause of the accident.
 

 The Linssen litigation was set for mediation. Prior to the mediation conference, the attorney hired by Rentokil but appearing on behalf of Ashtead sent a letter to Ashtead, which ostensibly was his own client, requesting that Ashtead participate in the mediation because the loss of the hoist motor had prejudiced the case by increasing the potential damages for which Rentokil ultimately might be responsible. Specifically, the letter stated, “[Pjlease consider this a formal demand or Notice of Vouching In for indemnity of any additional damages resulting from the spoliation by Sunbelt.”
 
 [1]
 
 Ashtead, however, declined to participate in the mediation, suggesting that the “vouching in” principle did not apply.
 
 [2]
 

 At the mediation conference, the parties agreed to a settlement that called for Ash-
 
 *609
 
 tead to pay $500,000 to Linssen.
 
 [3]
 
 Without consulting with Ashtead, its counsel included the following language in the final mediation agreement: “The parties agree that the spoliation [of the evidence] increased the value of this case by $250,000, which is included in this settlement.” However, nothing in the final mediation agreement makes clear how this $250,000 figure was reached.
 

 Rentokil then filed suit against Ashtead seeking damages and alleging that Ash-tead’s failure to preserve the Linssen evidence in preparation for trial amounted to a breach of duty and a breach of contract. Rentokil further argued that Ashtead “waived all rights to contest the damage to [Rentokil] resulting from spoliation because it was invited to participate in the [mediation via a formal ‘vouching in’ and declined to do so.”
 

 Rentokil then moved for summary judgment, arguing that it was not disputed that Ashtead had failed to preserve the motor and that “[a]t mediation, the parties agreed, as part of the [m]emorandum of [settlement, that the spoliation of the equipment caused the value of the
 
 Linssen
 
 ease to increase by $250,000, the value of which was included in the total settlement sum paid by Rentokil.” Rentokil further maintained that the principle of law known as “vouching in” precluded Ashtead from further litigating the amount of the damage award because Ashtead had been notified that it would be bound by mediation but “chose not to attend mediation or otherwise participate in settlement.” Rentok-il made this argument despite the fact that the attorney it engaged to represent Ash-tead did attend and participate in the mediation. Ashtead opposed the motion for summary judgment, arguing that there remained a genuine issue of material fact, namely what increase in settlement value was caused by its failure to preserve the motor for trial. Ashtead also argued that “vouching in” did not apply in this case and that its interests on this issue had not been represented at the mediation conference.
 

 Following a hearing, the trial court determined that the principle of “vouching in” applied in the instant case and that it obligated Ashtead to pay to Rentokil $250,000 of the $500,000 settlement payment because Ashtead had failed to preserve the evidence as required by the parties’ contractual agreement. The trial court therefore entered a final judgment in favor of Rentokil in the amount of $250,000. It is Ashtead’s appeal of that order that we now consider.
 

 The general rule of indemnification is that an indemnitor who has notice of the suit filed against the indemnitee by the injured party and who is afforded an opportunity to appear and defend it is bound by a judgment rendered against the indemnitee as to all material questions determined by the judgment.... Florida courts often refer to the effect of this rule as “vouching in” the indemnitor.
 

 Camp, Dresser & McKee, Inc. v. Paul N. Howard Co.,
 
 853 So.2d 1072,1079 (Fla. 5th DCA 2008) (citations omitted). The rule of “vouching in” is “[premised on the concepts of estoppel and res judicata.”
 
 Id.
 
 The judgment rendered in the action between the injured third party and the defendant indemnitee is binding for the purpose of enforcing the indemnity agreement against the indemnitor with regard to the
 
 *610
 
 material facts litigated in the main action.
 
 Id.
 
 However, contrary to the trial court’s conclusion, this principle of law is not applicable to the facts of the instant case.
 

 First, the rule secures the benefit of an indemnitee under either an implied or expressed indemnity agreement. Although the stock purchase agreement does contain an expressed indemnity agreement, Rentokil is the indemnitor under that agreement, not the indemnitee. There is no indemnity agreement between Rentokil and Ashtead by which Ashtead agreed to indemnify Rentokil for any losses.
 

 “[Vouching in] is applicable by the party first sued in an action against the party ‘vouched in’ when the liability of the vouchee to the voucher is the same as the liability of the voucher defendant to the plaintiff to the action.”
 
 Olin’s Rent-A-Car Sys., Inc. v. Royal Cont'l Hotels, Inc.,
 
 187 So.2d 349, 351 (Fla. 4th DCA 1966) (citations omitted). Here, Ashtead became the “party first sued” when Linssen filed his complaint. Although Rentokil, pursuant to the indemnity agreement, hired counsel to represent Ashtead, Rentokil was not a party to the Linssen lawsuit. While the “vouching in” principle would have allowed Ashtead to bind Rentokil because the liability of Rentokil to Ashtead under the indemnity agreement was the same as the liability of Ashtead to Linssen, it does not enable Rentokil, as the indem-nitor, to bind Ashtead. As such, Rentok-il’s attempt to “vouch in” Ashtead with regard to the issue of liability based on Ashtead’s failure to preserve the motor is an improper application of the “vouching in” principle.
 

 Additionally, the increased settlement value caused by the failure to preserve the suspected motor was not a material issue of fact in the main action-the Linssen litigation. Linssen’s concern was the gross settlement sum of $500,000, not how much of that amount was a result of the lost hoist motor.
 

 Finally, “vouching in” is not applicable here because Ashtead’s interest in this particular issue was not fairly represented in the settlement conference. The issue here was not between Ashtead and Linssen, the parties to the litigation that was the subject of the mediation. Rather, this was an issue of fact between Ashtead and Rentokil based on Ashtead’s agreement to preserve the evidence contained in the stock purchase agreement. That the attorney purportedly representing Ash-tead’s interest at the mediation conference was, in fact, not doing so is shown by his placing his own client on notice that it needed separate representation at the mediation. “Vouching in” is premised on the idea that the alleged “vouchee” is not prejudiced by his failing to become involved in the litigation because his interests will be fairly represented by the “voucher.”
 
 See Univ. Am. Barge Corp. v. J-Chem, Inc.,
 
 946 F.2d 1131, 1140 (5th Cir.1991) (“[A]n alleged indemnitor who is vouched in to the primary action but declines to defend is bound by the findings in that action, but only as to those unconflicted issues on which its interests were adequately represented in the action. Adequate representation makes sure that the issues of shared concern to the indemnitee and indemnitor alike are actually and fully litigated.” (citations omitted)).
 

 Having concluded that the rule of “vouching in” does not apply to the facts of this case, we also conclude that summary judgment was improper because there remains an issue of material fact to be determined by the trier of fact, i.e., what portion of Linssen’s settlement value was due to Ashtead’s failure to preserve the motor. Accordingly, we must reverse.
 

 
 *611
 
 Reversed and remanded for further proceedings.
 

 VILLANTI and WALLACE, JJ, Concur.
 

 [1]
 

 . Although Ashtead was operating the equipment business through its subsidiary, Sunbelt Rentals, Inc., Ashtead is the actual party in the litigation and the named party in this appeal.
 

 [2]
 

 . Although a copy of the letter from the attorney to Ashtead is included in the record, the responding correspondence is not. However, at the hearing on the motion for summary judgment, counsel for Rentokil stated: '‘Ash-tead chose to ignore that letter. There is a bone of contention. My inference of the correspondence was that they just didn't think this was a valid way to do things.”
 

 [3]
 

 . The settlement also called for another named defendant to pay Linssen an additional $150,000 in damages. That portion of the settlement and the other defendant are not a part of this appeal.